GEORGE VAN HORN, appellant,

*v.*

LOUISA E. PINE, respondent.

On appeal from a decree of the chancellor, whose opinion
is reported in *Pine* v. *Shannon, 3 Stew. 501.*

*Mr. G. Collins,* for appellant.

June 1st, 1878, a bill to foreclose a mortgage was filed in
chancery, by Louisa E. Pine, against John Shannon, Wil-
lard E. Dudley and George Van Horn.  John Shannon was
made a defendant because he executed the mortgage; Wil-
lard E. Dudley, because he was then, and still is, the owner
of the mortgaged premises, and George Van Horn, because
he had issued an attachment out of the Hudson circuit
court, against the complainant and her husband, and the
same was served upon Willard E. Dudley.

John Shannon, subsequent to executing the mortgage to
complainant, conveyed the mortgaged premises to Kate
Hughes; Kate Hughes and husband conveyed them to
Charles McDonald; Charles McDonald and wife conveyed
them to Patrick McIntyre, and Patrick McIntyre and wife
conveyed them to Willard E. Dudley, who assumed the
mortgage and agreed to pay it, by a stipulation to that
effect in his deed.  None of the intervening owners of the
mortgaged premises in whom the title had successively
vested, from Shannon to Dudley, had assumed to pay the
mortgage by their respective deeds.

June 7th, 1878, an amendment to the bill was filed,
among other things striking out the prayer for deficiency
against the defendant Dudley.

July 31st, 1878, defendant George Van Horn filed a gen-
eral demurrer to the complainant's bill, as to himself, and,
at the October term, 1878, of the court of chancery, argu-

ment was heard and an opinion pronounced sustaining the demurrer.

December 14th, 1878, complainant filed an amended bill of complaint, making, therein, Melissa E. (wife of Willard E.) Dudley, John Linn, Robert O. Babbitt and Isaac Romaine, additional parties, and setting up (which did not appear in the original bill) what had been attached by the sheriff under the writ of attachment issued by the defendant Van Horn against the complainant and her husband. The bill was, however, amended throughout in divers unimportant particulars.

January 3d, 1879, defendant Van Horn filed a general demurrer to the amended bill of complaint, and, on the argument thereof, proceeded to assign, for causes of demurrer, the same grounds, and in the same form, as stated in the petition of appeal in this cause to sustain the demurrer; whereupon the chancellor refused to permit Mr. Van Horn to raise and discuss the second, third and fourth points stated, on the ground that the same were raised and argued, or could have been raised, under the first demurrer (demurrer to original bill), and would only permit him to be heard on one point, viz., whether or not he was a necessary or proper party to the suit. Mr. Van Horn contended that he could raise the same points, and new and additional points, and cited, in support of the same, *1 Dan. Ch. Pr.* (*4th ed.*) *582*, and the cases there cited, viz., *Bosanquet* v. *Marsham*, *4 Sim. 576; Bancroft* v. *Wardour, 2 Bro. C. C. 66; Robertson* v. *Lord Dundreary, 5 Sim. 401; Cresy* v. *Beavans, 13 Sim. 354; Willie* v. *Ellice, 6 Hare 505, 510.* See, also, *McKelway* v. *New England Mfg. Co., 1 Stock. 376.* And, thereupon, after hearing Mr. Van Horn on the point as to whether or not he was a necessary or proper party, the chancellor pronounced the opinion overruling the demurrer.

I. It is not shown by the amended bill that there is any debt owing from Dudley to Pine. Dudley, by his deed from McIntyre, has assumed the mortgage made by Shan-

Van Horn *v.* Pine.

non to Pine; but, none of the intermediate owners having assumed it, Dudley's assumption does not bind him; there is, therefore, no obligation on his part, by this assumption, to pay the mortgage debt; no personal action can be maintained by Pine against him to recover the amount of the mortgage debt; his land only is liable. There is no privity of contract between Pine and Dudley, shown by the bill, by which Pine can maintain a personal action against him for the amount of the mortgage debt. If, therefore, Pine can not maintain a personal action againt Dudley, Van Horn cannot maintain his *scire facias* against him. Because Dudley assumed the mortgage made by Shannon in the deed from McIntyre to him, creates no privity of contract between Dudley and Pine. *Crowell* v. *Hospital of St. Barnabas, 12 C. E. Gr. 152, 651.*

The intermediate owners of the mortgaged premises, from Shannon to Dudley, had not assumed the mortgage in their deeds, so that no claim for deficiency can be made by Pine against Dudley in the foreclosure; indeed, none is claimed. Suppose Pine had instituted a foreclosure against Shannon, Dudley and wife only, leaving out Van Horn and applying creditors, and Van Horn had applied to be admitted as a defendant, setting up, as grounds for such admission, those stated in the bill, would not his application have been denied on the ground that no debt was shown to be owing from Dudley to Pine, and hence no debt had been attached? Suppose, again, Dudley had filed an answer to such a bill, setting up, as grounds of defence, the reasons assigned in the bill for making Van Horn a defendant, would not his answer have been overruled as setting up no defence, because no debt was shown to be owing from *him* to Pine, and hence no debt had been attached? To make it a defence, he would have to show how and in what manner it is claimed by Van Horn that there is a debt owing from him (Dudley) to Pine, and, in addition thereto, would have to admit his own personal liability thereon, so that a personal action therefor could be successfully maintained

Van Horn *v.* Pine.

against him by Pine.  If, therefore, there is no debt owing from Dudley to Pine, none has been attached; and if no debt has been attached, because none is owing, then Van Horn is really not a necessary or proper party.

For a debt to be owing from Dudley to Pine, it must be such an one that a personal action can be supported by Pine against him, and the full amount of the bond and mortgage, with interest and costs, recovered against him. As the matter stands, no such action can be supported, and the only liability that attaches to Dudley is, that a decree can be made against him for the sale of his land.

Again, suppose a judgment by default had been entered against Dudley on the *scire facias,* at the suit of Van Horn, for the amount of his claim, and he had paid it, would Dudley have been entitled to an allowance for the amount thereof, out of the money to be raised under a foreclosure and sale of the mortgaged premises?

II. If Van Horn be a necessary or proper party to the foreclosure suit, then the auditor in attachment is a necessary party therein.  *Brantingham* v. *Brantingham, 1 Beas. 160; McLaughlin* v. *Van Keuren, 6 C. E. Gr. 379; Wilson* v. *Bellows, 3 Stew. 282.*

III. Complainant is not entitled to any relief against Mr. Van Horn, because she has an adequate remedy at law.

A party cannot have relief in equity where he has an adequate remedy at law; a court of equity has no authority to correct alleged errors of a court of law, or to aid a party who, through his own negligence, has involved himself in difficulty.  *Reeves* v. *Cooper, 1 Beas. 223.*

The rule is, if complainant shows by his bill that his remedy is complete and effectual at law, and sets up no particular title to the aid of a court of equity, the defendant may demur.  *Egbert* v. *Hawk, 1 Beas. 80.*  In this case bill was filed to compel the payment by garnishee of moneys attached.  Bill dismissed

Equity will not interfere where adequate relief can be had at law. *Hoagland* v. *Township of Delaware, 2 C. E. Gr. 106.*

The judgment or decree of a court of general jurisdiction upon a subject matter within its jurisdiction, is final and conclusive, and can never be questioned in a collateral suit. *Young* v. *Rathbone, 1 C. E. Gr. 224.*

Objections relating to the regularity of a judgment at law, or to the validity of the instrument upon which it is founded, constitute no ground for the interference of equity. If the instrument upon which the judgment was entered was without consideration or invalid, or if the judgment was unauthorized or illegal, the remedy for the party aggrieved is by application to the court in which it was entered, or by writ of error. *Stratton* v. *Allen, 1 C. E. Gr. 229; Reeves* v. *Cooper, 1 Beas. 223.*

But the attachment act affords adequate remedy in case plaintiff in attachment recovers judgment. By its terms, the plaintiff and creditors, before they can receive a dividend, must give the auditor a refunding bond, with ample security, with condition, &c. (See attachment act concerning refunding bond.) *Schenck* v. *Griffin, 9 Vr. 462.*

Where there is adequate remedy at law, defendant may demur. *U. R. R. of N. J.* v. *Hoppock, 1 Stew. 261.*

The regularity of attachment proceedings at law, cannot be questioned collaterally in the foreclosure of a mortgage on the premises attached. *Hoppock* v. *Ramsey, 1 Stew. 413.*

A judgment can only be impeached for fraud in its concoction, in a court of equity, and not for fraud in the instruments upon which it is founded. *Stratton* v. *Allen, 1 C. E. Gr. 229.*

In a foreclosure suit in which a judgment creditor in attachment claims the surplus money, it is not competent to show that such creditor had no such demand against the defendant in attachment as would sustain an attachment. Such judgment cannot be drawn in question collaterally. *Brantingham* v. *Brantingham, 1 Beas. 160.*

IV. The bill is filed by Pine, the respondent, to foreclose a mortgage held and owned by her only, upon lands owned by Dudley. The decree in this case would be to sell the land of Dudley. Van Horn is made a party because he has recovered a judgment against the respondent and her husband. The decree in this case would be to declare void the judgment, although it is difficult to ascertain from the face of the bill what decree, if any, is prayed against him.

It is a rule in equity that two or more distinct subjects cannot be embraced in the same bill. The offence is termed multifariousness, and renders the bill liable to a demurrer. *1 Dan. Ch. Pr. (4th ed.) 334.*

"By multifariousness in a bill," says Mr. Justice Story, "is meant the improperly joining in one bill distinct and independent matters, and thereby confounding them, as, for example, the uniting in one bill of several matters perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." *Story Eq. Pl. 271.*

A bill which sets up distinct and different causes of complaint which destroy each other, and seeks different reliefs inconsistent with each other, is multifarious. *Swayze v. Swayze, 1 Stock. 273.*

If a bill unite a demand of several matters of distinct natures against defendants, it is demurrable for multifariousness. *Emans v. Emans & Wortman, 2 Beas. 205 ;. Crane v. Fairchild, 1 McCart. 76; Reed v. Reed, 1 C. E. Gr. 248, 250.*

The foregoing points assigned in the petition of appeal for causes of demurrer, go to the whole bill upon matters apparent on the face of the bill, and, under the form of a general demurrer for want of equity, all or any one of them may be assigned *ore tenus* on the argument. *Stilwell v. McNeely, 1 Gr. Ch. 305 ; Barret v. Doughty, 10 C. E. Gr. 380 ; Barnes v. Trenton Gas Co., 12 C. E. Gr. 35 ; Story Eq. Pl. (Redfield's ed.) 436, 505 ; 1 Dan. Ch. Pr. 559.*

*Mr. S. C. Mount,* for respondent.

I. The defendant, Dudley, the owner of the equity of redemption in the mortgaged premises, still had a right to redeem the premises from the lien of the mortgage, though the day of redemption named in the mortgage had passed by without redemption being made.

The mortgagee claimed the whole money, and the defendant, George Van Horn, claimed a part of it, on the ground of a claim by him against the mortgagee, which claim she disputed. The owner of the equity of redemption could not safely pay the mortgagee the whole amount, because Van Horn's claim might be good for a part of it; nor could he safely pay Van Horn the amount he claimed, and the balance to the mortgagee, because the claimant might get a decree for the whole.

Van Horn stood in the position of exhibiting to Dudley an assignment, purporting to have been executed by the mortgagee, of a part of the money secured by the mortgage, and claiming thereunder a part of the mortgage debt, but the validity of which assignment she disputed.

And, therefore, the complainant, in proceeding in equity to foreclose the equity of redemption, unless payment should be made of the money secured by the mortgage, should make Van Horn, who claims a part of the debt, a party. He was a proper, if not a necessary, party to the suit. *Jones on Mortgages* § *1368.*

II. The record of the attachment was a lien upon the complainant's estate or interest in the mortgaged premises. *Rev. p. 45,* §§ *18, 19, 20.*

III. No money had come to the hands of the auditor, and, under the statements in the complainant's bill, none would come to his hands.

IV. The demurrer to the whole bill is irregular. It should have been confined to the question of the sufficiency

of the amendments, to meet the requirements of the court, in the chancellor's former opinion.

PER CURIAM.

This decree unanimously affirmed.

---

HENRY L. POTTER, appellant,

*v.*

ALPHEUS D. GIBBONS, respondent.

*Mr. J. Henry Stone*, for appellant.

*Mr. Thomas S. Shafer* and *Mr. William J. Magie*, for respondent.

PER CURIAM.

This decree unanimously affirmed for the reasons given by the vice-chancellor in *Gibbons* v. *Potter, 3 Stew. 204.*

---

NOTE.—In this case, no briefs were furnished to the reporter.—REP.